United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TEXAS INDUSTRIAL ENGINE, INC. AND OILFIELD EQUIPMENT SALINAS, § § § | |
| Plaintiff, § § | |
| V. § | CIVIL ACTION NO. 2:25-CV-00094 |
| § § | |
| TRINITY OPERATING (USG), LLC, § § § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 24). The M&R recommends the Court grant Plaintiff's motion to remand, (D.E. 10), deny Defendant's motion to strike, (D.E. 13), and remand this case to the 343rd District Court of Live Oak County, Texas, (D.E. 24, p. 18). Defendant filed written objections. (D.E. 25).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). As to any portion for which no timely objection has been filed, the district court need only determine whether the magistrate judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-

02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Defendant's sole objection to the M&R is that Plaintiff failed to seek remand within a reasonable period of time. (D.E. 25, p. 2–6). Because no written objections have been filed as to any other portion of the M&R, the Court reviews the M&R's other findings and conclusions for clear error. *Wilson*, 864 F.2d at 1221; *Powell*, 2015 WL 3823141, at *1. After review, the Court finds no clear error in the M&R's analysis.

Defendant begins by arguing the M&R erred by "lump[ing] all cases and associated factual backgrounds into one analysis of what constitutes 'a reasonable period of time,'" instead of performing a "case-by-case [analysis], taking into account the particular facts of each case." (D.E. 25, p. 2) (citations omitted). Defendant then argues that the cases the M&R relied on are inapplicable, as they concern remand based on the Class Action Fairness Act ("CAFA"), rather than a forum-selection clause. *Id.* at 3–4. This argument misses the mark.

Although the M&R relied heavily on CAFA cases, *see* (D.E. 24, p. 13) (collecting cases), the M&R did not extrapolate a bright-line rule from those cases and apply it indiscriminately to the facts of this case. Rather, the M&R performed a detailed factual exposition of one CAFA case, *see* (D.E. 24, p. 10–14) (discussing *Watson v. City of Allen*, 821 F.3d 634 (5th Cir. 2016)), and used those facts to guide its reasonable-time analysis. That *Watson* was a CAFA case, rather than a forum-selection-clause case, does not make it inapplicable for that purpose.

Defendant then proposes an alternative framework for assessing what constitutes a reasonable time, articulating four factors: (1) the interest in finality, (2) the reason for delay, (3) the practical ability of the litigant to learn earlier of the grounds relied upon, and (4) prejudice. (D.E. 25, p. 3) (citing *Traveler's Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)). Applying those factors, Defendant contends, shows how Plaintiff did not move to remand

within a reasonable time. *Id.* at 5–6. Defendant further supports their contention by citing to various of the Court's Local Rules, asserting that "there are very few deadlines in the Local Rules that extend past [thirty] days." *Id.*

Defendant's argument commits the very same error that Defendant accuses the M&R of committing. Namely, Defendant's argument "relegates a subjective analysis to a very specific scenario." (D.E. 25, p. 3). Indeed, although the factors Defendant suggests the Court employ do stem from a reasonable-time framework, that framework belongs to the timeline for filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), not a motion to remand. *See Traveler's Ins. Co.*, 38 F.3d at 1410. If the Court were to accept Defendant's argument that CAFA remand cases are too factually dissimilar to be instructive, then Defendant's invocation of Rule 60(b)(6) motion cases certainly exceeds the bounds of acceptable factual similarity.

Indeed, the inapplicability of Rule 60(b)(6) factors to motions to remand becomes apparent after looking at just the first factor—finality. Whereas a Rule 60(b)(6) motion follows a final judgment, a motion to remand neither follows nor imposes judgment. Far from moving for relief after judgment has been entered, a motion to remand often occurs at the early stages of a case, with further litigation sure to follow (e.g., discovery). Defendant's only argument regarding finality is that the event giving rise to this litigation occurred over four years ago. (D.E. 25, p. 5). Yet, since this case was filed in April 2025, there have been no orders, judgments, or other actions that could implicate a finality consideration. Whether or not the Court remands this case, then, there is no "finality" concern, except insofar as this case is finally gone from federal court.

Along similar lines, Defendant's citation to deadlines provided in the Local Rules "lumps all [rules] and associated factual backgrounds into one analysis of what constitutes a 'reasonable period of time.'" (D.E. 25, p. 2). Each Local Rule is tailored to a specific subject and context

addressed by that rule. Therefore, asserting that the deadlines provided for in cherry-picked rules should inform the Court's reasonable-time analysis in the remand context is misguided. Otherwise, the Court would also need to consider those rules which impose expansive time limits, including those reaching up to ninety days. *See, e.g.*, Fed. R. Civ. P. 4(m) (giving a plaintiff "90 days after the complaint is filed" to effectuate service of process). For that reason, the Court's reasonable-time analysis is best guided by reference to existing case law in the motion to remand context, whether CAFA or otherwise.[1]

Next, Defendant criticizes Plaintiff for waiting four years to file suit, then asserts "that Plaintiff sought remand based on something that had been open, obvious, and apparent since July 31, 2018," (D.E. 25, p. 4), namely, the contract's forum-selection clause, which was attached to Plaintiff's state-court petition, (D.E. 1-1, p. 13). This argument, however, unreasonably charges Plaintiff with knowledge that (1) Plaintiff would choose to file suit in state court, (2) Defendant would attempt to remove the case, (3) Plaintiff would want to remand, and (4) Plaintiff would move to remand based on the agreement's forum-selection clause—all at the time of the alleged breach in 2018. A party rarely, if ever, should be held accountable for every contingent outcome in a case. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) ("[T]he course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation.").

Indeed, Defendant cites no authority that would suggest the Court should consider the time a plaintiff takes to file their lawsuit when assessing the reasonableness of the time a plaintiff took to file a motion to remand. *See* (D.E. 25, p. 4). To the contrary, a plaintiff is entitled to file their lawsuit at any time within the applicable statute of limitations. *See S. Exp. Co. v. Caldwell*, 88 U.S.

---

[1] As the rest of this Order makes clear, the Court would reach the same conclusion as to reasonableness whether the Court draws comparisons to prior remand cases or applies the Rule 60(b)(6) factors.

264, 268 (1874) ("[A plaintiff] is left at liberty to sue at any time within the period fixed by the statute of limitations."); *Wever v. Dakin*, 81 F.2d 831, 833 (5th Cir. 1936).

Furthermore, this case alone proves that "the course of litigation is rarely predictable," *Christiansburg*, 434 U.S. at 422, as the law governing Plaintiff's motion to remand was clarified while the motion remained pending. The principal case which the M&R relied on to determine whether a thirty-day or reasonable-time deadline applied to Plaintiff's motion to remand was decided just over a month after Plaintiff filed its motion to remand. *Compare Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252 (5th Cir. 2025) (decided May 16, 2025), *and* (D.E. 10) (Plaintiff's motion to remand) (filed June 26, 2025). In the face of uncertain law, a party may wish to spend more time pre-filing to research and assess the merits of its own motion. It would be strange, then, to punish Plaintiff for not bringing its motion to remand sooner, when case law at the time was ambiguous at best as to whether Plaintiff's motion would be timely.

Defendant then claims that "contrary to the scenario proffered in the [M&R], Plaintiff was represented by counsel from the time the Petition was filed to the appearance of counsel in this matter." (D.E. 25, p. 4). The M&R, however, never claimed that Plaintiff lost and regained representation; the M&R highlighted that part of the reason for delay was that Plaintiff sought and "obtained *additional* counsel, [then] filed counsel's notice of appearance and the motion to remand on the same day." (D.E. 24, p. 13) (emphasis added). It seems reasonable, then, for Plaintiff to wait to file a motion to remand until Plaintiff found desirable counsel for federal court, especially if Plaintiff only anticipated litigating this matter in state court.

Finally, Defendant argues that Plaintiff and Defendant "have taken numerous procedural steps in this matter," which has led to Defendant "expend[ing] significant time and resources."

(D.E. 25, p. 5).[2] Defendant then lists the various actions that Defendant has taken during this litigation. *Id.* Although there is no clear moment at which a case becomes so litigated that it would make delay unreasonable, other courts have found no unreasonable delay in cases further along in litigation than this one. For example, in *Watson*, the Fifth Circuit addressed the issue in a case that, after removal, featured a motion to dismiss and an amended complaint before the plaintiff moved to remand. *Watson*, 821 F.3d at 638. Similarly, in an out-of-circuit case, the district court remanded the case, even though, post-removal, the plaintiffs had filed an amended complaint, defendants had filed a motion to dismiss, the court had granted the motion and dismissed the amended complaint without prejudice, and plaintiffs had filed a second amended complaint—all before the plaintiffs moved to remand. *Graphic Commc'ns Loc. 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, No. CIV. 09-2203, 2011 WL 5826687, at *7 (D. Minn. Oct. 13, 2011) (Mayeron, Mag. J.), *adopted*, 2011 WL 5827182 (D. Minn. Nov. 18, 2011) (Davis, J.).

Here, the only substantive step in this litigation that preceded Plaintiff's motion to remand is Defendant's motion to dismiss. (D.E. 7). The Court does not hold various procedural steps, such as Defendant's motion for extension of time to respond, (D.E. 4), Defendant's corporate disclosure statement, (D.E. 6), or the Rule 26(f) report, (D.E. 9), against Plaintiff, as those steps presumably also occurred in the cases described above. There has therefore been no meaningful litigation of this matter that would suggest that Plaintiff has unreasonably delayed in seeking remand.

Although the Court is cognizant of Defendant's concern that a plaintiff could simply sit on their hands, refuse to litigate, and then "use its lack of prosecution as a reason for remand," (D.E. 25, p. 5), the Court does not believe that this case implicates that concern. Whether a plaintiff

---

[2] Defendant adds a sentence, stating that the M&R "provides no justification of why 85-days does not constitute an unreasonable delay." (D.E. 25, p. 5). The Court does not address this assertion, as it lacks sufficient particularity to qualify as an objection, *Pelko*, 2024 WL 1972896, at *1. And, in any event, the M&R spent over four pages explaining why eighty-five days was not unreasonable. (D.E. 24, p. 10–14).

engages in improper gamesmanship by "us[ing] its lack of prosecution as a reason for remand," *id.*, is a fact-specific inquiry. And as the M&R stated, "there is no indication that Plaintiff held the forum selection clause in reserve, to use as a sort of 'ejection seat' to exit federal court if its litigation prospects began to fare poorly." (D.E. 24, p. 11). The Court finds no reason to disturb the M&R's conclusion on this point. (D.E. 24, p. 11).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which the parties' objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Defendant's objection, (D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 24). Accordingly, the Court **GRANTS** Plaintiff's motion to remand, (D.E. 10), **DENIES** Defendant's motion to strike, (D.E. 13), and **REMANDS** this case to the 343rd District Court of Live Oak County, Texas.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
        January 12th, 2026